IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT EDWARD EATON               :
                                  :
          Plaintiff,              :
                                  :
     v.                           :   Civ. Action No. 07-849-JJF
                                  :
COMMISSIONER CARL DANBERG,        :
et al.,                           :
                                  :
          Defendants.             :

---

Robert Edward Eaton, Pro se Plaintiff, Delaware Correctional
Center, Smyrna, Delaware.

---

**MEMORANDUM OPINION**

April 16, 2008
Wilmington, Delaware

Farnan, District Judge

Plaintiff Robert Edward Eaton ("Plaintiff"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 2.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I.    BACKGROUND

Plaintiff was classified to the Greentree Program.[1] Plaintiff has "medical ailments" and he alleges that Dr. McDonald, the chronic care infectious disease specialist, diagnosed him as "unfit to participate in intense programming." Plaintiff alleges that he was classified to the Greentree Program despite numerous pleas to authorities about his health. Plaintiff alleges that he was written-up, found guilty without a hearing, and moved to a higher level of security. He concludes that he is being punished for following his doctor's advice.

Plaintiff seeks eleven million dollars in compensatory damages. He specifically claims that Defendant Ronald Hosterman ("Hosterman") is liable for damages caused by discriminatory

─────────────────────

[1]DCC's residential drug and alcohol treatment program. http://doc.delaware.gov/BOP/PrisonDCC.shtml.

comments.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing the Court's screening function under § 1915(e)(2)(B), it applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly,

-U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not

need detailed factual allegations, however, "a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to

relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will

not do." Id. at 1965 (citations omitted). The "[f]actual

allegations must be enough to raise a right to relief above the

speculative level on the assumption that all of the allegations

in the complaint are true (even if doubtful in fact)." Id.

(citations omitted).

Plaintiff is required to make a "showing" rather than a

blanket assertion of an entitlement to relief. Phillips v.

County of Allegheny, 515 F.3d 224, 232 3d Cir. 2008). "[W]ithout

some factual allegation in the complaint, a claimant cannot

satisfy the requirement that he or she provide not only "fair

notice," but also the "grounds" on which the claim rests. Id.

(citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating .

. . a claim requires a complaint with enough factual matter

(taken as true) to suggest' the required element." Id. at 235

(quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose

a probability requirement at the pleading stage,' but instead

-3-

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234.  Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.  Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. ANALYSIS

### A.  Classification

Plaintiff alleges that he was classified to the Greentree Program even though his medical condition makes him "unfit" to participate in the program.  He contends that he was "written up" on unspecified charges, found guilty without a hearing, and moved to a higher security level.  Initially, the Court notes that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss."  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

In Wolff v. McDonnell, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests.  A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts

-4-

and prepare a defense for an appearance at the disciplinary

hearing; (2) a written statement by the fact finder as to the

evidence relied on and the reasons for the disciplinary action;

and (3) an opportunity "to call witnesses and present documentary

evidence in his defense when to do so will not be unduly

hazardous to institutional safety or correctional goals."  Wolff,

418 U.S. at 563-71; Griffin v. Spratt, 969 F.2d 16, 19-20 (3d

Cir. 1992).  It is axiomatic, however, that to be entitled to

procedural due process protections as set forth in Wolff, a

prisoner must be deprived of a liberty interest.  See Wolff, 418

U.S. at 557-558.

The Due Process Clause itself confers no liberty interest in

freedom from state action taken "within the sentence imposed."

Sandin v. Conner, 515 U.S. 472, 480 (1995) (quoting Hewitt v.

Helms, 459 U.S. 460, 468 (1983)).  More so, state created liberty

interests protected by the Due Process Clause are generally

limited to restraints on prisoners that impose an "atypical and

significant hardship on the inmate in relation to the ordinary

incidents of prison life."  Griffin v. Vaughn, 112 F.3d 703, 706

(3d Cir. 1997) (quoting Sandin, 515 U.S. at 484).

Additionally, neither Delaware law nor Delaware Department

of Correction regulations create a liberty interest in a

prisoner's classification within an institution.  See Del. Code

Ann. 11, § 6529(e).  "'As long as the conditions or degree of

-5-

confinement to which [a] prisoner is subjected is within the
sentence imposed upon him and is not otherwise violative of the
Constitution, the Due Process Clause does not in itself subject
an inmate's treatment by prison authorities to judicial
oversight."' Hewitt v. Helms, 459 U.S. 460, 468 (1983) (quoting
Montanye v. Haymes, 427 U.S. 236, 242 (1976)). It has thus been
determined that the transfer of a prisoner from one
classification is unprotected by the Due Process Clause even
though the change in status involves a significant modification
in conditions of confinement. Hewitt, 459 U.S. at 468 (citation
omitted); Moody v. Daggett, 429 U.S. 78 (1976).

Plaintiff has not articulated a protected liberty interest
with respect to his classification status and, therefore, he is
not entitled to the Due Process protections as set forth in
Wolff. Accordingly, the Court will dismiss the claims for
failure to state a claim upon which relief may be granted
pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1).

**B.   Verbal Harassment**

In his prayer for relief, Plaintiff states that Hosterman is
liable for damages caused by discriminatory comments in violation
of the Constitution. Verbal abuse and harassment do not rise to
the level of a constitutional violation. See Murray v. Woodburn,
809 F. Supp. 383, 384 (E.D. Pa. 1993); see also McBride v. Deer,
240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not

-6-

an Eighth Amendment violation); Prisoners' Legal Ass'n v.

Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment

does not violate inmate's constitutional rights).  Therefore, the

Court will dismiss the claim against Hosterman for failure to

state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV.  CONCLUSION**

Based upon the foregoing analysis, the Complaint will be

dismissed as frivolous and for failure to state a claim upon

which relief may be granted pursuant to 28 U.S.C. § §

1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the Complaint

would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d

103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d

950, 951-52 (3d Cir. 1976).  An appropriate Order will be

entered.